IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:14-cr-181

KEVIN HALL,
          Defendant.

## OPINION

The defendant provided a letter, ostensibly from his Alcoholics Anonymous ("AA") sponsor, for the Court to consider during sentencing for theft of government property. The Court has since obtained information indicating that the AA sponsor never wrote such a letter—that the letter is a forgery. For purposes of this opinion, the Court will assume the letter's falsity. Assuming the misrepresentation, the Court has vacated the defendant's sentence. In taking this action, the Court relies on both its inherent authority and its power under Federal Rule of Criminal Procedure 35(a).[1]

### I. Background

Kevin Hall pleaded guilty to a criminal information charging him with theft of government property. (Dk. Nos. 1 & 4.) At the plea hearing, Hall told the Court that the theft occurred during a time that he was drinking heavily. He also told the Court that he had realized he is an alcoholic and had not consumed alcohol or any mind altering substances in three years. The Court asked him whether a current urine test would show the presence of any alcohol or unlawful substances in his system. Hall assured the Court it would not.

---

[1] The Court will hold an evidentiary hearing on May 8 to determine whether the letter is, in fact, a false document. If the Court concludes the document is genuine, the Court will take all necessary steps to reimpose the original sentence in this case.

Based on this information, the Court released Hall on bond pending sentencing. That very day, Hall met with the Court's pretrial services unit to set up a monitoring program pending sentencing. The pretrial services staff requested a urine sample from Hall. He then disclosed that, contrary to what he had just said in open court, he had smoked marijuana and drunk alcohol on Christmas Eve, a week before his plea hearing. The Court learned of Hall's admission and revoked his bond. At the bond revocation hearing, the Court released Hall and ordered him to attend 90 AA meetings in 90 days and to obtain an AA sponsor.[2]

Hall appeared for his sentencing hearing on April 27, 2015. In addition to Hall's presentence report and the parties' position papers, the Court received a letter of support signed by an individual identified as Hall's AA sponsor. (Dk. No. 19.) This letter indicated that Hall attended AA meetings regularly and was working the 12-step program. After considering the documents presented, the Court sentenced Hall to three years of probation.

A few days later, the Court received information that the sponsor did not write the letter to the Court on Hall's behalf. Based upon this information, the Court vacated Hall's sentence, and scheduled a hearing to determine the authenticity of the letter.

## II. Analysis

The Court has two sources of authority to vacate Hall's sentence: inherent authority and authority under Federal Rule of Criminal Procedure 35.

A district court possesses inherent authority to vacate judgments procured by fraud. *United States v. Bishop*, 774 F.2d 771 (7th Cir. 1985) (finding that the court has inherent power

---

[2] AA is a spiritual program. The Court gave Hall the opportunity to find a secular program to address his drinking, but Hall did not suggest any alternative to AA.

2

to correct a sentence where it is based on fraudulent information provided by the defendant).[3] A finding of fraud on the court "is justified only by the most egregious misconduct directed at the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel." *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998). Assuming the letter is forged, Hall provided false evidence during his sentencing hearing.[4] This fraud compels the Court to vacate Hall's sentence in this case. *United States v. Smith*, 331 U.S. 469, 476 n.4 (1947) (noting "[o]f course, the federal courts have power to investigate whether a judgment was obtained by fraud and make whatever modification is necessary, at any time.").

The Court also has authority to correct Hall's sentence pursuant to Federal Rule of Criminal Procedure 35(a). Rule 35(a) provides that the Court may correct a sentence that results from "arithmetical, technical, or other clear error." In this case, Hall's fraud represents a clear error. *United States v. Jackson*, No. 2:14CR48, 2014 WL 6746841, at *2 (E.D. Va. Dec. 1, 2014) ("Under clear error analysis, a court may reverse only if left with the definite and firm conviction that a mistake has been committed.") (citations omitted). The error was clear to Hall, if not to others. The Court accepted the sponsor's letter as an authentic document, but the Court was clearly mistaken to do so.

Accordingly, the Court exercises its authority to correct Hall's sentence based upon the Court's reliance on the fraudulent document.

---

[3] *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *United States v. Twitty*, 44 F.3d 410, 413 (6th Cir. 1995) (explaining that if the defendant or her counsel committed fraud on the court, "the district court could have vacated [the defendant's] sentence and resentenced her.") (citing cases). *But see United States v. Washington*, 549 F.3d 905 (3d Cir. 2008).
[4] The Court does not suggest that Hall's attorney had any knowledge of the ruse.

3

## III. Conclusion

Assuming that the sponsor did not write the letter provided to the Court, the Court has the authority to vacate Hall's sentence based upon the Court's inherent authority to vacate fraudulent judgments and based upon Federal Rule of Criminal Procedure 35(a).

It is so ORDERED.

The Clerk is directed to send a copy of this Opinion to all counsel of record.

Date: May 6, 2015
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge